**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

HORIZON BLUE CROSS BLUE SHIELD OF
NEW JERSEY,

                Plaintiff,

                v.

CHRYSSOULA ARSENIS, *et al*.,

                Defendants.

---

Civil Action No. 23-22822 (MAS) (DEA)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

      This matter comes before the Court on three motions: (1) Plaintiff Horizon Blue Cross Blue Shield of New Jersey's ("Horizon" or "Plaintiff") Motion to Remand (ECF No. 7); (2) Defendants Chryssoula Arsensis ("Arsenis") and Speech & Language Center, LLC ("Speech & Language") (collectively "Defendants") Motions to Strike (ECF Nos. 14, 15); and (3) Horizon's Cross-Motion for Sanctions (ECF No. 19). Horizon opposed Defendants' Motions to Strike (ECF No. 19), Defendants opposed Horizon's Motion to Remand (ECF No. 8-99) and Arsenis opposed Horizon's Cross-Motion for Sanctions (ECF No. 23). Horizon replied only to Defendants' opposition to its Motion to Remand (ECF No. 11), but the parties did not otherwise file reply briefs. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons outlined below, the Court grants Horizon's Motion to Remand and Cross-Motion for Sanctions, and denies Defendants' Motions to Strike.

I.    **FACTUAL BACKGROUND**[1]

This case arises from an August 31, 2019 settlement agreement between the parties. (*See* Pl.'s Remand Moving Br. 1, ECF No. 7.) The settlement agreement concluded state court litigation that began in 2014 when Horizon sued Defendants for various fraud-based claims. (*Id.* at 1, 4.)

Notwithstanding the parties' state court settlement agreement, on March 29, 2022, Arsenis removed the matter to this Court. (Pl.'s Remand Moving Br. 1; *see* Civ. No. 22-1748.) After Defendants' removal (the "First Action"), Horizon moved to remand, and this Court granted its request finding that Defendants' "removal was about eight years too late" and that it lacked subject-matter jurisdiction over the case. (Aug. 22, 2022 Op. 4-6, Civ. No. 22-1748, ECF No. 21.) Defendants attempted to appeal this Court's remand order to the Third Circuit and the United States Supreme Court, but to no avail. (Pl.'s Remand Moving Br. 2.) Defendants' appellate journey in the First Action came to an end on November 20, 2023 when the United States Supreme Court denied Defendants' petition for a rehearing. (*Id.* at 7.)

Not to be deterred, on November 29, 2023, just nine days after running out of appeals in the First Action, Defendants removed the same state court action to this Court at the current docket number (the "Instant Action"). (Defs.' Removal Br. 2, ECF No. 1.) Defendants, however, failed to attach a complaint to the Notice of Removal or to any other document filed by Defendants on the docket. (*See generally* Pl.'s Remand Moving Br.)[2]

On December 26, 2023, Horizon sought to remand the Instant Action relying on the Court's previous findings in the First Action. (Pl.'s Remand Moving Br. 1; Aug. 22, 2022 Op. 3, Civ. No. 22-1748.) Specifically, Horizon contends that: (1) Defendants' removal is untimely; (2) this Court

---

[1] Page numbers preceded by an asterisk refer to those associated with the ECF header.

[2] Instead, Plaintiff provided the Court with the underlying state court complaint. (Compl. *14, Civ. No. 22-1748, ECF No. 1; Compl. *15, ECF No. 19-5.)

lacks subject-matter jurisdiction; and (3) it is entitled to relief from Arsenis's vexatious filings. (*See generally id.*) Horizon also asks this Court to enter a filing injunction against Arsenis so that she cannot continue to delay state court proceedings. (ECF No. 19.) Defendants, for their part, ask this Court to: (1) strike a state court judge's order in a separate proceeding; and (2) strike certain defamatory statements allegedly made by Plaintiff. (ECF Nos. 14, 15.) The Court considers each motion below.

## II.   <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *See In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears that the district

court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

## III.  <u>DISCUSSION</u>

The Court finds that: (1) the Instant Action must be remanded; (2) it lacks the jurisdiction to consider Defendants' motions to strike; and (3) Arsenis is a vexatious filer, rendering a filing injunction against her appropriate. The Court addresses each finding in turn.

### A.    **Horizon's Motion to Remand (ECF No. 7)**

Horizon's Motion to Remand is granted because Defendants' removal is procedurally improper and this Court lacks subject-matter jurisdiction over the Instant Action.

#### 1.    *Procedural Deficiencies*

Procedurally, Defendants' removal is untimely and fails to comply with relevant filing rules. First, 28 U.S.C. § 1446(a) requires that a removal notice contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the] defendant." Defendants did not attach a copy of Plaintiff's state court complaint to their removal notice, let alone to any other document that the parties filed in the state court action. (*See generally* Removal.) As such, Defendants' removal fails to comply with relevant filing rules.

Second, Defendants' removal is untimely. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." A petition for removal may alternatively be filed within thirty days after the defendant received a copy of an amended pleading, motion, order, or other paper which shows that the case became removable. 28 U.S.C. § 1446(b)(3).

Here, Defendants do not meet either requirement. Defendants do not meet the initial thirty-day requirement because the notice of removal was filed on November 29, 2023, years after Defendants not only responded to Horizon's complaint in Superior Court but years after they entered into a settlement agreement with Horizon. (*See generally* Pl.'s Remand Moving Br.) Further, Defendants do not point to any amended pleading or other document that triggered removal. (*See* Removal.) Therefore, Defendants' removal attempt is untimely under 28 U.S.C. § 1446(b)(1) and § 1446(b)(3). In sum, Defendants' removal attempt is procedurally deficient and such deficiency necessitates remand.

### 2.    *Substantive Deficiencies*

More importantly, Defendants' removal fails substantively. Specifically, Defendants fail to establish that this Court has subject-matter jurisdiction over Plaintiff's Complaint, and therefore, this Court is prohibited from adjudicating the claims in the Instant Action. To be clear, the Complaint underlying this matter, provided only by Plaintiff, is the exact same as that in the First Action. (Compl. *14, Civ. No. 22-1748; Compl. *15, ECF No. 19-5.) Critically, in remanding the First Action to state court, the Court found that Defendants failed to abide by the well-pleaded complaint rule. (Aug. 22, 2022 Op. 5.)

In the absence of diversity jurisdiction,[3] the well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of [a] plaintiff's

_____

[3] This Court previously found that "Horizon . . . maintains its principal place of business in New Jersey [and] Arsenis resides in New Jersey, as well." (Aug. 22, 2022 Op. *4.) Here, Plaintiff and Defendants are both residents of New Jersey and Defendants fail to supply facts to suggest otherwise. (*See generally* Defs.' Remand Opp'n Br., ECF No. 8-9.) As such, there remains no complete diversity in this action and the Court cannot exercise subject-matter jurisdiction by virtue of diversity jurisdiction. *See* 28 U.S.C. § 1332 (establishing that diversity jurisdiction requires complete diversity between plaintiffs and defendants, meaning they must be "citizens of different [s]tates").

properly pleaded complaint." *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As previously noted by this Court, Plaintiff's Complaint "alleges only state law claims: insurance fraud, common law fraud, breach of contract, unjust enrichment, and negligent misrepresentation." (Aug. 22, 2022 Op. 5.) As such, the well-pleaded complaint rule bars this action from being removed.

Defendants, however, once again appear to suggest that the complete-preemption doctrine operates to overcome the well-pleaded complaint rule. (Defs.' Remand Opp'n Br. 4); *see also Maglioli*, 16 F.4th at 407 (defining the complete-preemption doctrine as providing that, notwithstanding the well-pleaded complaint rule, a federal question will be deemed to appear on the face of the complaint, even when it does not, where "Congress 'so completely pre-empt[s] a particular area that any civil complaint raising [the] select group of claims is necessarily federal in character'" (alteration in original) (citation omitted). Specifically, Defendants contend that the Employee Retirement Income Security Act ("ERISA") completely pre-empts state law contract and fraud claims. (Defs.' Remand Opp'n Br. 4-5.) Again, this Court has already heard, assessed, and rejected this contention. (*See* Aug. 22, 2022 Op. *5-6.)[4]

For the reasons outlined above, Defendants fail to show that this Court has subject-matter jurisdiction over the Instant Action, and therefore, Plaintiff's Motion to Remand is granted.

3.    **Defendants' Motions to Strike (ECF Nos. 14, 15)**

Given the Court's finding that it lacks subject-matter jurisdiction over this action, it cannot consider Defendants' Motions to Strike. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94

---

[4] To the extent further clarification is needed, the Court refers Defendants to its previous Opinion for an explanation as to why ERISA does not operate to completely preempt Plaintiff's claims in the Instant Action. (*See* Aug. 22, 2022 Op. *5-6.)

(1998) (stating that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). Defendants' Motions to Strike, are therefore, denied.[5]

### 4.    Plaintiffs' Cross-Motion for Sanctions (ECF No. 19)

Finally, the Court addresses Plaintiffs' Cross-Motion for Sanctions. *See Lazorko v. Penn. Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000) (holding that where a district court relinquishes jurisdiction over a case "it still ha[s] jurisdiction to order sanctions"). In light of Defendants' protracted attempts to improperly avoid state court adjudication, Plaintiff asks this Court to deem Arsenis a vexatious litigant and enjoin her from removing Plaintiff's Complaint underlying the First Action and the Instant Action in the future. (Pl.'s Cross-Motion Br. 13-14, ECF No. 19-1.) Arsenis contends that to enjoin her future filings would be to punish her for attempting to remove legally valid, non-frivolous claims to federal court. (*See generally* Defs.' Cross-Motion Opp'n Br., ECF No. 23.) For the reasons outlined below, the Court finds that Arsenis must show cause as to why she should not be enjoined from removing the Instant Action and similar actions to this Court in the future.

"Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation." *Parker v. Admin N.J. State Prison*, 795 F. App'x 862, 862 (3d Cir. 2020) (citing *Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989)). "The broad scope of [a d]istrict [c]ourt's power, however, is limited by two fundamental tenets of our legal system–the litigant's right to due

---

[5] The Court's denial of Defendants' motions does not preclude Defendants from reasserting their motions to strike in a court that can properly exercise jurisdiction over the motions.

process and access to the courts." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Accordingly, filing injunctions should be narrowly tailored and entered into sparingly. *In re Packer Ave. Assocs.*, 884 F.2d 745, 746 (3d Cir. 1989) (citation omitted).

The Third Circuit has provided a framework for under what circumstances, and after what process, a filing injunction may be entered. *See Brow*, 994 F.2d at 1038. Specifically, the Third Circuit provides: (1) that a filing injunction should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. *See id.* (citations omitted)

Here, Arsenis, who removed the Instant Action on behalf of Speech & Language (*see* Corporate Disclosure Statement, ECF No. 3),[6] has twice tried to improperly remove this case to this Court despite clear substantive and procedural deficiencies with her removals (*see generally* Removal; Aug. 22, 2022 Op.). These acts, compounded with similar acts in the Instant Action, the First Action, and similar litigation, reveal a pattern and practice of vexatious litigation necessitating sanctions.

_____

[6] The Court notes that Speech & Language appears to be, as of yet, unrepresented in the Instant Action. Instead, the docket lists Speech & Language as representing itself, which it cannot do. *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 288 F.R.D. 340, 342 n.2 (holding that a corporation may not appear pro se). Arsenis also cannot represent Speech & Language herself because she is not an attorney. *Id.* ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (quoting *United States v. Cocievera,* 104 F.3d 566, 572 (3d Cir. 1996)). As Speech & Language itself has not removed the Instant Action, and instead, Arsenis removed the Instant Action on behalf of Speech & Language, the Court finds that any filing injunction entered in this or any other similar action will be against Arsenis individually. Speech & Language will not be prohibited from removing actions to this Court in the future if properly represented by licensed counsel.

1.    *Arsenis's Vexatious Conduct in the Instant Action and the First Action*

To begin, in the Instant Action and the First Action, this Court found that Arsenis's removal attempts were: (1) untimely; and (2) could not establish that subject-matter jurisdiction is proper in this Court. (*See generally* Removal; Aug. 22, 2022 Op.) Additionally, this Court twice rejected Arsenis's contention that ERISA preempts Plaintiff's claims. (*See* Aug. 22, 2022 Op. 5.) For the reasons outlined below, Arsenis's attempt to remove the Instant Action appears to be no more than an attempt to avoid state court obligations.

Perhaps most clearly evidencing Arsenis's vexatious conduct in the Instant Action is Arsenis's unsuccessful year-long attempt to appeal this Court's previous remand order in the First Action to the Third Circuit and Supreme Court. (Pl.'s Remand Moving Br. 5-7.) While Arsenis's appeals are not themselves suggestive of vexatious intent, the Court notes that only nine days after Arsenis exhausted her appeals in the First Action, she re-removed the very same state court action to this Court under a separate docket number despite no material change in circumstances or arguments justifying removal. (*See id.* at 7.) This behavior appears to evidence a desire by Arsenis to avoid state court obligations, not to bring meritorious removals to this Court. (*See id.* at 5-7.)

2.    *Arsenis's Expansive Vexatious Conduct before the Undersigned*

Arsenis's conduct in the Instant Action, however, is just the beginning. The Court cannot ignore Arsenis's behavior in other similar matters before the Undersigned. Looking beyond the Instant Action and the First Action, it becomes all but certain that Arsenis is engaged in a pattern and practice of using federal court removals to avoid her state court obligations.

To be clear, just within the last year, Arsenis has attempted to remove state court complaints against her and/or Speech & Language in at least three other matters before the Undersigned (the "Similar Actions"). (*See generally* Civ. No. 24-1138; Civ. No. 24-4561; Civ.

No. 24-4511.) In each Similar Action: (1) Arsenis removed a state court action to this Court; (2) that had already twice been removed to this Court previously; and (3) the action was remanded to state court for a third time.[7] Critically, however, in each action there is no federal question jurisdiction on the face of any plaintiff's complaint, and diversity jurisdiction is not present in any action either: (1) because the parties are not diverse; or (2) because the amount in controversy requirement is not met. (*See* Compl. *15; Civ. No. 24-4511, ECF No. 3-2; Civ. No. 24-1138, ECF No. 4-2; Civ. No. 23-879, ECF No. 3-2; Civ. No. 23-878, ECF No. 3-2; Civ. No. 22-1596, ECF No. 4-2; Civ. No. 22-1595, ECF No. 4-2; Civ. No. 24-4561, ECF No. 8; Civ. No. 23-20637, ECF No. 8-2; Civ. No. 23-1609, ECF No. 8-2.) As such, in none of the Similar Actions has Arsenis shown that the Court has subject-matter jurisdiction, and Arsenis is well aware of that fact. (*See, e.g.*, Civ. No. 24-4511, ECF Nos. 1, 5; Civ. No. 24-1138, ECF Nos. 4-3, 5; Civ. No. 23-879, ECF Nos. 10, 11; Civ. No. 23-878, ECF No. 7; Civ. No. 22-1596, ECF Nos. 6, 7; Civ. No. 22-1595, ECF Nos. 7, 8; Civ. No. 24-4561, ECF No. 8; Civ. No. 23-20637, ECF No. 11; Civ. No. 23-1609, ECF Nos. 13, 14.)

Notwithstanding Arsenis's awareness that this Court lacks subject-matter jurisdiction over the state court claims against her, she continues to remove state court actions and needlessly prolong state court litigation. Arsenis's conduct in the Instant Action, the First Action, and the

---

[7] (*Compare* Civ. No. 24-4511, ECF Nos. 1, 5 (sixth removal attempt against a Bank of America state court complaint) *with* Civ. No. 24-1138, ECF Nos. 1, 4-2 (fifth removal attempt against the same Bank of America state court complaint) *and* Civ. No. 23-879, ECF Nos. 1 (fourth removal attempt against the same Bank of America state court complaint) *and* Civ. No. 23-878, ECF Nos. 1, 3-2 (third removal attempt against the same Bank of America state court complaint) *and* Civ. No. 22-1596, ECF Nos. 1, 4-2 (second removal attempt against the same Bank of America state court complaint) *and* Civ. No. 22-1595, ECF Nos. 1, 4-2 (first removal attempt against the same Bank of America state court complaint); *compare* Civ. No. 24-4561, ECF Nos. 1, 8 (third removal attempt against M&T Bank state court complaint) *with* Civ. No. 23-20637, ECF Nos. 1, 8-2 (second removal attempt against the same M&T Bank state court complaint) *and* Civ. No. 23-1609, ECF Nos. 1, 8-2 (first removal attempt against the same M&T Bank state court complaint).)

Similar Actions is exactly the type of conduct that a filing injunction exists to prevent; Arsenis continuously abuses the judicial process by filing groundless and vexatious removals. *Parker*, 795 F. App'x at 862 ("Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation."). Accordingly, an order to show cause as to why a filing injunction should not be entered against Arsenis is appropriate. *Brow*, 994 F.2d at 1038. The Court notes, however, that it restrains its order to show cause to Arsenis, and only seeks to prevent Arsenis from filing further removal attempts in the Instant Action and the Similar Actions, where she has already sought to remove without success.

Finally, the Court notes that an order to show cause will be entered in each of the Similar Actions as the same vexatious conduct is equally pernicious in each of those matters. The Court will file separate orders in those actions, but will make reference to this Memorandum Opinion as the Court's reasoning in this matter is equally applicable to the Similar Actions.

**IV.   CONCLUSION**

For the reasons outlined above, Arsenis's second attempt to remove the Instant Action is both procedurally and substantively deficient. This Court therefore cannot exercise subject-matter jurisdiction over this action. Moreover, Arsenis's years-long pattern and practice of removing underlying state court complaints without any proper basis gives the Court no choice but to deem Arsenis a vexatious filer who, absent good cause, must be subject to a filing injunction. Arsenis must file a brief showing cause as to why a filing injunction should not be entered against her in this action. An appropriate Order will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

11